THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 James Chaplin
 and Lewiston Chaplin, Appellants,
 
 
 
 
 

v.

 
 
 
 Mary Mae
 Robinson, Harriet Mae Brown, Rochelle Robinson, Florence Davis, Christine
 Black, Jaqueline Moultrie, Lucinda Robinson, JoAnn Robinson, Henry Robinson,
 Sr., Archie Robinson, Arthur Robinson, Sr., and John Doe and Mary Roe,
 infants, insane persons, and incompetents being fictitious names designating
 as a class of unknown person or persons, who may be an heir, distribute,
 devisee, legatee, widow, widower, assign, executor, administrator, creditor,
 successor, issue, or alienee of Henry Robinson, Jr., Eddie Green, Maggie
 Mitchell, Adeline Green deceased, and any other person, known or unknown,
 having any claim, right, title, estate in, or lien upon the parcel of real
 property described in the Complaint herein, Defendants,
 
 
 of whom Arthur
 Robinson and Lucinda Robinson are the Respondents.
 
 
 
 
 
 

Appeal From Beaufort County
Marvin H. Dukes, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-243  
Submitted May 1, 2011  Filed May 24, 2011

AFFIRMED

 
 
 
 Edward M. Brown, of Charleston, for
 Appellants.
 J. Thomas Mikell, of Beaufort, and William
 F. Marscher, III, of Bluffton, for Respondents.
 
 
 

PER CURIAM:  James and Lewiston Chaplin  appeal the trial court's
 order dismissing their claims of ownership of a .71 acre parcel on St. Helena
 Island against the claims of Arthur Robinson, Sr. and Lucinda Robinson, arguing
 the trial court erred in finding the Chaplins did not adversely possess the
 contested parcel.  We affirm.[1]  
The party asserting adverse
 possession bears the burden of proof to show by clear and convincing evidence he
 has satisfied the elements of adverse possession.  Jones v. Leagan, 384
 S.C. 1, 10-11, 681 S.E.2d 6, 11 (Ct. App. 2009) (citation omitted).  "Because
 an adverse possession claim is an action at law, the character of the
 possession is a question for the jury or fact finder.  Therefore, appellate
 review is limited to a determination of whether any evidence reasonably tends
 to support the trier of fact's findings."  Id. at 10, 681 S.E.2d at
 11 (citation omitted).  Here, the trial court's decision is supported by
 evidence reasonably supporting the trial court's findings, namely the testimony
 of two land surveyors and the Robinsons' witnesses who were deemed more
 credible than the Chaplins' witnesses. 
AFFIRMED.
SHORT, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.